INHABITANTS OF NORWAY *vs.* L. F. WILLIS, Appellant.

## Oxford.    Opinion December 30, 1908.

*Taxation.    Personal Property Employed in Trade.    "Mill."    Revised Statutes, chapter 9, sections 12, 13, paragraph I.*

Under Revised Statutes, chapter 9, section 13, paragraph I, which enacts that "all personal property employed in trade, in the erection of buildings or vessels, or the mechanic arts, shall be taxed in the town where so employed on the first day of each April; *provided,* that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or shipyard therein for the purpose of such employment," the personal property which may or may not be taxable is property wholly distinct from the store, shop, mill, etc., which by virtue of the proviso, must be occupied for the purpose of such employment.

The personal property which may or may not be subject of taxation under Revised Statutes, chapter 9, section 13, paragraph I, is movable · property wholly distinct from the "store, shop, mill, wharf, landing place or shipyard," which, by virtue of the proviso, must be occupied "for the purpose of such employment" by the owner or other person under him, so employing it, in order to render it legally taxable in the town where it is employed. One and the same thing cannot at the same time serve as personal property employed and as the building or place in which it is employed.

On report.    Judgment for defendant.

Action of debt brought in the Norway Municipal Court, Oxford County, to recover a tax of $8.50 assessed by the plaintiff town, in 1906, on a portable steam saw mill owned by the defendant, a non-resident.    This saw mill was set up in the plaintiff town, on land not owned by the defendant, about July 1, 1905, and employed in sawing certain lumber in the plaintiff town, and remained in the plaintiff town until July, 1906.    The plaintiff town claimed the right to tax this saw mill by virtue of the provisions of Revised Statutes, chapter 9, section 13, paragraph I.

Plea, the general issue.    The aforesaid Municipal Court rendered judgment for the plaintiff town and thereupon the defendant appealed to the Supreme Judicial Court in said county.    When the action came on for trial in said Supreme Judicial Court, an agreed state-

ment of facts was filed and the case reported to the Law Court for determination.

The case is stated in the opinion.

*Kimball & Son*, for plaintiffs.

*Wright & Wheeler*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

BIRD, J. The defendant, an inhabitant of the town of Paris, on the first day of April, 1906, was the owner of a portable steam saw mill which on that day was set up on land, not owned by him, in the town of Norway, and was then being used by him in sawing certain lumber under a contract with its owners. This mill was set up and first used in the plaintiff town about July first, 1905, and there remained until July, 1906, when the defendant completed his contract. The assessors of the town of Norway on the first day of April, 1906, assessed a tax upon the saw mill as personal property and this suit is brought for its recovery. The regularity of the assessment, the commencement of the suit and of all the intermediate proceedings is admitted. The only question presented is whether or not the saw mill was properly and legally taxable in the plaintiff town.

The general provision of the statutes relative to the taxation of personal property is that it "shall be assessed to the owner in the town where he is an inhabitant on the first day of each April." R. S., c. 9, § 12. To this general rule is made, among others, the following exception: "All personal property employed in trade, in the erection of buildings or vessels, or in the mechanic arts, shall be taxed in the town where so employed on the first day of each April, *provided*, that the owner, his servant, sub-contractor or agent, so employing it, occupies any store, shop, mill, wharf, landing place or shipyard therein for the purpose of such employment." R. S., c. 9, § 13, par. I.

The parties agree that the personal property in question, the portable steam saw mill, was employed on the first day of April,

1906, in the mechanic arts, and for the purposes of this case this is assumed to be so. See *Limerick* v. *Watson*, 98 Maine, 379, 382. The defendant, however, denies that if so employed it comes within the terms of the proviso of the exception. The plaintiff contends that as the personal property so employed was a mill, defendant was therefore in occupation of a mill while so employing it. To this contention we are unable to assent.

The word "mill" has two definitions,—a primary and a secondary :

1. A complicated engine, or machine, for grinding and reducing to fine particles grain, fruit or other substance, or for performing other operations by means of wheels and a circular motion as a grist-mill for grain, a coffee mill, cider mill and bark mill. The original purpose of mills was to comminute grain for food, but the word "mill" is now extended to engines or machines moved by water, or steam, for carrying on many other purposes. We have oil-mills, saw-mills, slitting-mills, bark-mills, fulling-mills, etc.

2. The house or building that contains the machinery for grinding, etc. *State* v. *Livermore*, 44 N. H. 386, 387. (1862.)

The first definition is an apt description of the personal property claimed to be taxable in plaintiff town, while the word "mill" as used in the proviso of the exception falls within the terms of the second definition. In the latter sense it is used in R. S., c. 128, § 8 ; and c. 94, §§ 1-6. See *Farrer* v. *Stackpole*, 6 Maine, 154, 156, and 158 ; *Crosby* v. *Bradbury*, 20 Maine, 61, 65 ; *Baker* v. *Bessey*, 73 Maine, 472, 479.

The personal property which may or may not be subject of taxation under the exception is movable property wholly distinct from the "store, shop, mill, wharf, landing place or shipyard," which, by virtue of the proviso, must be occupied "for the purpose of such employment" by the owner or other person under him, so employing it, in order to render it legally taxable in the town where it is employed. One and the same thing cannot at the same time serve as personal property employed and as the building or place in which it is employed.

The action of the assessors arose from a confusion of terms. A large quantity of merchandise may be termed a "store." If in this sense the defendant on the first day of April in the year in question had exposed for sale in an open field in the plaintiff town a "store" of hardware it could hardly be contended that he was in occupation of a store for the purpose of employing the hardware in trade.

"The occupation of the store, shop, mill, or wharf on the first day of April in the year for which the tax is assessed, is the essential thing." *Ellsworth* v. *Brown*, 53 Maine, 519, 522. See *Martin* v. *Portland*, 81 Maine, 293, 297. It does not appear that defendant was in the occupation of any of the structures or places mentioned in the exception either for the purpose of employing his personal property or otherwise. *Trafton* v. *Hill*, 80 Maine, 503, 509.

The conclusion reached is not only consistent with, but is supported by previous judicial constructions of the statute. See *Martin* v. *Portland*, 81 Maine, 293, 297; *Limerick* v. *Watson*, 98 Maine, 379, 383; *Creamer* v. *Bremen*, 91 Maine, 508, 513; *Ellsworth* v. *Brown*, 53 Maine, 519, 521, 523.

In accordance with the agreement of the parties, there must be,

*Judgment for defendant.*